## STATE'S ATTORNEY EX REL. JOSEPH DOHERTY
### *vs.*
## WILLIAM J. ROACH, SUPERINTENDENT OF POLICE, CITY OF WATERBURY

Superior Court          New Haven County          File No. 13456
                        (At Waterbury)

MEMORANDUM FILED APRIL 20, 1940.

*William P. Wertheimer,* of Waterbury, for the Plaintiff.

*J. Gregory Lynch,* Corporation Counsel, of Waterbury, for the Defendant.

FOSTER, J. The facts in this case stated briefly are that the superintendent of the police department of the City of Waterbury caused an investigation to be made of certain injuries suffered by a child by being struck by an automoble, and that he has in his possession records of such investigation; that the child, by his next friend, desires that his attorney see such records in aid of an action at law instituted by the child against those claimed to be responsible for his injuries; that demand has been made for an inspection of such records, which demand has been refused by the superintendent of police.

This question has in the past been raised in different juris-dictions under varying circumstances. Generally speaking the courts have refused to frame any general rule governing all cases; different situations vary so much. Each case should be decided upon the facts underlying it. So, in passing on this case, the court will not establish any general rule applicable to the superintendent of the police department of Waterbury, much less to all police departments of the State; nor any rule applicable to all cases that may arise.

At the instance of the relator the court issued an alternative writ of mandamus. To this alternative writ of mandamus the respondent has filed a motion to quash. This motion to quash is equivalent to a demurrer, and thus, for the purposes of the present inquiry, admits the truth of the allegations of the alternative writ of mandamus.

The respondent claims that, though admitting the truth of the allegations of the alternative writ of mandamus, he ought not to be compelled by order of the court to permit the relator to inspect the records as demanded.

We will consider the facts of this particular case as set forth in the alternative writ of mandamus and then consider the objections raised in the motion to quash.

The police department is created by charter, maintained by the City of Waterbury for the benefit of its citizens. It has in its files information and data relative to injuries inflicted upon the relator by one Joseph Padula. The relator has instituted suit against Joseph Padula to recover damages for his injuries. He claims that Joseph Padula owes him a debt; that such claim is disputed by Padula; that the information and data possessed by the police department will tend to disclose the truth as to his claims and also as to the claims made by Padula. The law seeks to obtain the truth; to do full justice to all persons. It would seem that the relator should be allowed to see these records, unless some injustice may thereby be done to someone. It may well be that a vigilant police department may, by prompt investigation, secure information impossible of procurement by private parties later making a private investigation. It would be unfortunate for a police department to find itself in the position of concealing facts that would disclose the truth and cause full justice to be done, when such disclosure would do injustice to no one.

The respondent makes seven distinct claims in its motion to quash, and these I quote and comment on each.

"1. It nowhere appears or is alleged that the reports, data, and information referred to in the petition were obtained, compiled, prepared or recorded in accordance with the requirements of any statute or law."

The respondents surely can not mean by this claim that the police department, in securing these records and this information, violated the law. It is the plain duty of the police department, under the law, to protect the citizens of the city and their property and their rights. So, in obedience to law, such investigations are made. It was by force of the law that the superintendent of police was enabled to issue orders for the investigation to be made and such investigation was made upon time for which the city paid the investigators.

"2. In the absence of any requirement that such information and records be gathered, the subject is entirely within the discretion of the Board of Police Commissioners of Waterbury and the Superintendent of the Waterbury Police Department."

The duty of making of the investigation was at the discretion of the respondent; just as he has discretion in a great many methods used by him in carrying out the law that he and the police force must endeavor to protect the community. Such acts as he in his discretion performs are, none the less, done by virtue of the law.

"3. It is nowhere alleged or does it otherwise appear that the information and records referred to in the petition were gathered for the purpose of assisting in the preparation of civil matters."

No such allegation is necessary. The information and records were gathered because the respondent was exercising his legal discretion and, having been gathered, they should be used in such manner as may best protect the rights of the City of Waterbury and its citizens.

"4. It nowhere appears or is alleged that the Relator is under any necessity of inspecting the records referred to."

Necessity does not govern the right of inspection. It is easily read from the alternative writ of mandamus that such inspection by the relator will tend to disclose the truth and aid in a just determination of legal rights.

"5. It is nowhere alleged that refusal of inspection was unique or peculiar to this Relator or that he was in any manner treated differently than others making similar claims."

Such allegation is unnecessary. This brings us back to our proposition that no rule can be framed that is applicable to all cases or all persons. It is not a sound position that the respondent shall treat all cases, all applicants for inspection, alike. In some cases, such as where a crime has been committed or where an applicant seeks inspection for an unlawful or an unjust purpose, the superintendent of police should not permit inspection. He should decide each case not as one lying in his personal discretion, but rather he should determine whether the granting of inspection in each particular case tends to promote justice. So do I treat this case. The respondent was denied inspection in this case, and I hold that upon the admission of the truth of the allegations of the alternative writ of mandamus, the reasons for such denial set forth in the motion to quash are not sound.

"6. The information and records referred to in the petition are alleged to be and are gathered and compiled by the police department in its ordinary routine of police business."

This is an admission that the information and records were gathered under the law governing the police department.

"7. The information and records referred to in the petition are not such records as are, by law, open to public inspection."

This is a general statement, and, as such, has no force.

There are many decisions of courts of review holding diversely that information and records such as are here under consideration are and are not subject to inspection; but it will be noted that practically every decision of the courts is based upon the particular facts underlying such decision.

I hold that no general rule covering all cases can be framed. I am not rendering a final decision on this case. I am simply ruling on the motion to quash. The motion to quash in effect admits the allegations of the alternative writ of mandamus. The reasons set forth in the motion to quash I hold to be not sound.

Under our system of pleading, a ruling having been made adversely on the motion to quash, the respondent may file a return denying some or all of the allegations of the alternative

writ of mandamus, or setting forth affirmative allegations in the nature of confession and avoidance. The case will then be heard upon its merits.

The motion to quash is overruled.